**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118838

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Richard Sasto,<br><br>                    Plaintiff,<br><br>vs.<br><br>Collection Bureau of the Hudson Valley, Inc.,<br><br>                    Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Richard Sasto (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Collection Bureau of the Hudson Valley, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Richard Sasto is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Collection Bureau of the Hudson Valley, Inc., is a New York Corporation with a principal place of business in Orange County, New York.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated December 19, 2019. (A true and accurate copy is annexed hereto as **<u>Exhibit 1</u>.**")

21. The Letter conveyed information regarding the alleged Debt.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24. The Letter was received and read by Plaintiff.

25. The Letter states Plaintiff owes Optimum $252.71.

26. Plaintiff did not owe Optimum the amount stated.

27. Plaintiff owed Optimum less than the amount stated, although the exact amount is unknown to Plaintiff.

28. Plaintiff disputed the alleged Debt directly with Optimum.

29. Despite Plaintiff's dispute, Optimum assigned the alleged Debt to Defendant.

30. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

31. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

32. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

33. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

34. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

35. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the

amount of the debt."

36. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

37. An overstatement of the amount of a debt violates 15 U.S.C. § 1692g(a)(1).

38. The Letter claims that Plaintiff owed $252.71.

39. Plaintiff did not owe $252.71.

40. Plaintiff owed an amount less than $252.71.

41. Defendant overstated the amount owed by Plaintiff.

42. Defendant's overstatement of the amount owed by Plaintiff violates 15 U.S.C. § 1692g(a)(1).

43. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

45. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. An overstatement of the amount of a debt is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

47. An overstatement of the amount of a debt is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

48. An overstatement of the amount of a debt is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

49. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

50. An overstatement of the amount of a debt is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

51. An overstatement of the amount of a debt is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

52. An overstatement of the amount of a debt is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

53. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

54. An overstatement of the amount of a debt is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

55. An overstatement of the amount of a debt is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

56. The Letter claims that Plaintiff owed $252.71.

57. However, Plaintiff did not owe $252.71.

58. Plaintiff owed an amount less than $252.71.

59. Defendant overstated the amount owed by Plaintiff.

60. Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $252.71 when Plaintiff owed an amount less than $252.71 – is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

61. Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $252.71 when Plaintiff owed an amount less than $252.71 – is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

62. Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $252.71 when Plaintiff owed an amount less than $252.71 – is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

63. Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $252.71 when Plaintiff owed an amount less than $252.71 – is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

64. Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $252.71 when Plaintiff owed an amount less than $252.71 – is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

65. Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $252.71 when Plaintiff owed an amount less than $252.71 – is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

5

66. Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $252.71 when Plaintiff owed an amount less than $252.71 – is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

67. Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $252.71 when Plaintiff owed an amount less than $252.71 – is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

68. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

69. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Finding Defendant's actions violate the FDCPA; and

    b. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    c. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d. Granting Plaintiff's costs; all together with

    e. Such other relief that the Court determines is just and proper.

DATED: February 23, 2020

**BARSHAY SANDERS, PLLC**

By:  /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118838